IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHAEL K MERRIFIELD,

            Petitioner,

v.                                                    CIVIL ACTION NO. 3:16-12280

DAVID BALLARD,

            Respondent.

**ORDER**

This action was brought pursuant to 28 U.S.C. § 2254. Currently pending before the Court are the following two *pro se* motions filed by Petitioner Michael K. Merrifield: (1) a "Motion to Waive Exhaustion Requirement Pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii) Compelling a de novo Review of Petitioner's Writ of *Habeas Corpus*" (ECF No. 3) and (2) "Motion to Stay and Abeyance" (ECF No. 16 at 19).[1] This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that this Court deny both motions and dismiss this action without prejudice. In his objections to the Magistrate Judge's Proposed Findings and Recommendations, Petitioner states that he will stipulate to a withdrawal of his "Motion to Waive Exhaustion Requirement," provided the Circuit Court of Putnam County is proceeding with its adjudication of his state habeas corpus petition. However, Petitioner objects to this action being

---

[1] Petitioner's motion to stay the action and hold it in abeyance is included in his Reply to Respondent's Response in opposition to a waiver of the exhaustion requirement.

dismissed. Instead, Petitioner moves the Court to overrule the Proposed Findings and Recommendations as erroneous and stay this action pending exhaustion in state court.[2]

Although Petitioner's state habeas petition has been pending since May 9, 2011, the Court finds that the Magistrate Judge thoroughly and thoughtfully considered whether the delay in resolving the case arises to a constitutional violation under the factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972).[3] The Magistrate Judge found that Petitioner's own actions resulted in a significant part of the delay. *Proposed Findings and Recommendation*, at 24 (ECF No. 21). As fully outlined by the Magistrate Judge, Petitioner's disagreements with counsel, requests for new counsel, and numerous *pro se* filings have resulted in the majority of the delay Petitioner now complains has occurred, Additionally, the Court agrees with the Magistrate Judge findings that, under *Barker*, Petitioner has diligently asserted his rights, and there is no evidence that the delay has prejudiced his position. Indeed, the "Final Amended Petition" Petitioner filed *pro se* in state court is 850 pages long and contains 58 grounds for relief (excluding sub-grounds).

For these reasons and in light of the *Barker* factors, the Court rejects Petitioner's objections and argument that the Proposed Findings and Recommendations are erroneous, and the Court finds no reason to waive the exhaustion requirement. In fact, according to Respondent David

---

[2]If no action is being taken on his state habeas corpus proceeding, Petitioner alternatively requests his objections to the Proposed Findings and Recommendations be sustained and exhaustion be waived.

[3]In *Barker*, the Supreme Court held a court should consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530 (footnote omitted). In *United States v. Johnson*, 732 F.2d 379 (4th Cir. 1984), the Fourth Circuit held these factors should be used to determine whether there is a due process violation.

Ballard, a hearing on the state habeas petition is scheduled to occur in the Circuit Court of Putnam County on August 7, 2017. Moreover, if unsuccessful in state court, Petitioner will have time to file a petition pursuant to § 2254 after the state proceedings conclude, and the Court finds no reason this action should be stayed pending the state court decision. *See Proposed Findings and Recommendations*, at 30-33 (explaining that Petitioner, if he chooses, will have time to file a federal habeas petition following the completion of the state proceedings).

Accordingly, the Court **DENIES** Petitioner's "Motion to Waive Exhaustion Requirement" (ECF No. 3), **DENIES** his "Motion to Stay and Abeyance" (ECF No. 16), **DENIES** his objections to the Proposed Findings and Recommendations (ECF No. 23), **ACCEPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations of the Magistrate Judge, and **DISMISSES** this action **WITHOUT PREJUDICE** from the docket of the Court.

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented parties.

ENTER: July 13, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE